IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER BALBUENA,

      Petitioner,                      No. CIV S-11-1185 GGH P

    vs.

CALIFORNIA BOARD OF PAROLE, et al.,

                                      ORDER &
      Respondent.                  FINDINGS AND RECOMMENDATIONS
_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the July 16, 2008 decision by the California Board of Parole Hearings (Board) finding him unsuitable for parole. Petitioner claims the Board's decision was not based on "some evidence" as required by state law; that the Board's decision violated his due process rights; and that he was not given adequate legal representation at his parole hearing. For the reasons discussed below, the undersigned will recommend that the petition be summarily denied. See Habeas Corpus Rules in § 2254 cases, Rule 4.

        Petitioner claims that the Board's decision was not supported by "some evidence." (Petition (hereinafter "Ptn.") at 26-31.[1]) His allegations that the Board based its decision on "false information and unsubstantiated allegations," including statements contained in a December 2007 psychological report, are properly construed as part of his argument that the

---

[1] Citations to the petition refer to page numbers assigned by CM/ECF.

1 Board lacked evidence to support its decision to deny parole. (See Ptn. at 6, 15-16.)

2       On January 24, 2011, the United States Supreme Court in a per curiam decision
3 found that the Ninth Circuit erred in commanding a federal review of the state's application of
4 state law in applying the "some evidence" standard in the parole eligibility habeas context.
5 Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011).  Quoting, inter alia, Estelle v.
6 McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus
7 relief does not lie for errors of state law.'" Id.   While the high court found that the Ninth
8 Circuit's holding that California law does create a liberty interest in parole was "a reasonable
9 application of our cases" (while explicitly not reviewing that holding),[2] the Supreme Court
10 stated:

> When, however, a State creates a liberty interest, the Due Process
> Clause requires fair procedures for its vindication-and federal
> courts will review the application of those constitutionally required
> procedures. In the context of parole, we have held that the
> procedures required are minimal.

14 Swarthout v. Cooke, at 862.

15       Citing Greenholtz,[3] the Supreme Court noted it had found under another state's
16 similar parole statute that a prisoner had "received adequate process" when "allowed an
17 opportunity to be heard" and "provided a statement of the reasons why parole was denied."
18 Swarthout v. Cooke, at 862.   Noting their holding therein that "[t]he Constitution [] does not

---

[2] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[3] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard.[4] Therefore, petitioner's claim that the Board's decision was not supported by "some evidence" should be denied.

Petitioner also argues that he was denied his right to procedural due process. The record before the court indicates that petitioner has a glass eye and is considered legally blind. (Ptn. at 3, 51-52, 70.) Noting his disability, petitioner alleges that he "was never provided with a copy of the Board packet which contains all relevant information that the Board uses in determining parole suitability," never received the Board report prepared by his correctional counsel, and never had the opportunity to review his C-file. (Ptn. at 10-11.) As stated above, the Supreme Court has held that the federal due process clause is satisfied if the Board gives an inmate an opportunity to be heard and provides a statement of reasons why parole was denied.

---

[4] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

1   Petitioner's attached materials include a partial transcript of the Board's July 18, 2008 hearing, in
2   which petitioner was given an opportunity to be heard.  (Id. at 36-67.)  In addition to the partial
3   transcript, the petition itself recounts the Board hearing and indicates that petitioner was present
4   and interacted with the Board.  (Id. at 10, 16-17.)  The petition also suggests that petitioner was
5   provided a statement of reasons why parole was denied, and petitioner does not allege otherwise.
6   (Id. at 18-20.)

7           In this case, petitioner's legal blindness introduces the possibility that petitioner
8   was not given a meaningful opportunity to "contest the evidence against [him]."  See Swarthout,
9   supra, at 862.  However, the record before the court indicates that the Board took petitioner's
10  disability into account and ascertained that petitioner was represented at the hearing and that he[5]
11  and/or his counsel had access to all relevant documents.  (Id. at 51-59.)  The Board asked
12  petitioner if he would like assistance reviewing his C-file before the hearing, and petitioner
13  declined, stating: "I want to continue with this hearing without reviewing my file.  I already have
14  collected all of the documentation from other sources that I need for this hearing."  (Id. at 58-59.)
15  Thus, the undersigned is satisfied that petitioner's hearing met the procedural requirements of
16  Swarthout.

17          Finally, petitioner claims that he did not have adequate legal representation at his
18  parole hearing.  However, the federal constitution does not require an inmate to be afforded any
19  legal representation at his parole hearing.  See Swarthout, supra, at 862.  Moreover, the Board in
20  this case ensured that petitioner had an attorney standing by to assist and advise him as an
21  accommodation for his disability, even though petitioner objected to the particular attorney
22  assigned and at one point attempted to waive representation altogether.  (Ptn. at 47-59.)  As these
23  allegations do not add up to a federal constitutional claim, this claim should also be denied.
24  \\\\

---

[5] The hearing transcript suggests that petitioner can read at least some documents with the aid of a magnifying glass.  (Ptn. at 50-51.)

4

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this case.

IT IS HEREBY RECOMMENDED that this petition be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 31, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:014
balb1185.parolescrnII